Filed 1/13/26  P. v. Cannavan CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>PATRICK ALLEN CANNAVAN,<br><br>　　Defendant and Appellant. | 2d Crim. No. B344153<br>(Super. Ct. No. 2017021278)<br>(Ventura County) |

　　　　Patrick Allen Cannavan appeals from the trial court's order denying his postjudgment motion to vacate a restitution fine. (Citing Pen. Code,[1] § 1465.9.)  We dismiss the appeal because the trial court's order is not appealable.

　　　　　　　　　*Factual and Procedural Background*

　　　　In February 2021, appellant was charged with multiple counts of committing lewd acts upon two different victims, both of

_____

　　[1]  All further statutory references are to the Penal Code.

whom were under the age of 14.  (§ 288, subds. (a), (b)(1), counts 1-6).

Pursuant to a plea agreement, appellant pleaded guilty to committing a forcible lewd act on S.F., age nine (count 5) and a forcible lewd act on N.G., age 10 (count 6).  (§ 288, subd. (b)(1).) The trial court accepted the terms of the plea agreement, imposed the midterm of eight years each on counts 5 and 6, and dismissed the remaining counts.  Along with other fines and fees, the trial court ordered appellant to pay a $10,000 restitution fine.

On appeal, we struck a $5,000 fine as unauthorized, reversed the $10,000 restitution fine, and remanded for resentencing for the trial court to exercise its discretion pursuant to section 288, subdivision (e)(1).  We otherwise affirmed the judgment.  (*People v. Cannavan* (Mar. 17, 2022, B311681) [nonpub. opn.].)

In July 2022, following a letter from the Department of Corrections, appellant's case returned to the trial court for sentence clarification.  Appellate was represented by counsel. The trial court, in its discretion, imposed a $1,000 restitution fine and resentenced appellant to eight years consecutive on counts 5 and 6, for a total term of 16 years.

In January 2025, appellant filed a motion, in propria persona, to vacate judgment of the court-imposed costs (fines and restitution) as "unenforceable and uncollectible."  (Citing § 1465.9.)  The trial court denied the motion because it "offers no specific facts regarding the restitution, fines or fees that Petitioner was ordered to pay, and no errors have been identified."

*Discussion*

We appointed counsel to represent appellant on appeal. After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. Because the instant appeal is not from appellant's conviction, he is not entitled to our independent review of the record. He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232.)

In his supplemental brief, appellant claims ineffective assistance of counsel because appellate counsel did not "meet and confer over issues at bar," and appellant did not "author[ize]" counsel to file a *Delgadillo* brief. Appellant attaches numerous documents to his supplemental letter and asks this court to "take Judicial Notice of what is now offered." We decline to do so. We have reviewed the record, including appellant's supplemental brief and attachments, and conclude that appellant fails to raise any arguable issue.

To establish ineffective assistance of counsel, a defendant must show counsel's representation was deficient and that he was prejudiced by the deficiency. (*Strickland v. Washington* (1984) 466 U.S. 668, 693-694, 697.) "If a claim of ineffective assistance of counsel can be determined on the ground of lack of prejudice, a court need not decide whether counsel's performance was deficient." (*In re Crew* (2011) 52 Cal.4th 126, 150.)

Here, there is no showing of prejudice. Appellant's disagreement with counsel's legal determination does not amount to ineffective representation on appeal. As counsel indicated in her brief, "[t]here is no authority in the Penal Code for this motion." Section 1465.9, upon which appellant's motion is based,

3

provides relief from certain costs and fees imposed on criminal defendants.  (See *People v. Clark* (2021) 67 Cal.App.5th 248, 259-260.)  The statute does not contain a procedure by which a defendant may file a standalone, postjudgment motion seeking vacatur of a previously, validly imposed fine.

Where a defendant whose conviction is final files a statutorily unauthorized "'freestanding'" petition, both the court below and this court lack jurisdiction to consider the arguments raised therein.  (See *People v. King* (2022) 77 Cal.App.5th 629, 640; *People v. Hodges* (2023) 92 Cal.App.5th 186, 190.)  Accordingly, the appeal must be dismissed.

*Disposition*

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.


4

David M. Hirsch, Judge

Superior Court County of Ventura

_____

Nancy Haydt, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent